IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VICTOR K. LEMMONS, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 1:20-cv-328 |
| | ) |
| **JANE DOE,** *United States Marshall Service, et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM ORDER

The instant prisoner civil rights action was received by the Clerk of Court on November 18, 2020 and referred to United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and the Local Civil Rules of this Court. Plaintiff Victor K. Lemmons, Jr., is a federal prisoner currently housed at the U.S. Penitentiary in Atlanta, Georgia.[1] His complaint is directed against "Jane Doe, United States Marshall Service" and "Jane Doe, Liaison of Medical Services." ECF No. 1. The address indicated for both "Jane Doe" Defendants is the address of the U.S. Courthouse in Erie. *Id.* at 1.

At the time that Plaintiff lodged his complaint, he was confined at the Erie County Prison. ECF No. 1 at 1. According to his pleading, Plaintiff underwent surgery in February 2020 relative to a hemorrhoid condition. *Id.* at 2. He continued to experience medical problems thereafter, beginning in March 2020. *Id.* He requested consultation with a gastroenterologist but was informed by prison personnel that "the federal liason [sic] denied his request to be referred to a gastroenterologist ("GI"), and [there] is nothing further the [Erie County Prison] can do."

---

[1] The Court takes judicial notice of Plaintiff's current place of incarceration based upon his Bureau of Prisons Register Number (39723-068) and the inmate locator database on the BOP's website. *See* https://www.bop.gov/inmateloc. The Clerk is requested to update the docket to reflect Plaintiff's current address.

1

*Id.* Plaintiff has alleged that his Eighth Amendment rights were violated as a result of these events. *Id.* As relief, he seeks "[i]mmediate referral to a GI doctor" and punitive damages. *Id.* at 3. Plaintiff's complaint was accompanied by a "Motion for Immediate Injunctive Relief," which also requested referral to a gastroenterologist. ECF No. 1-1.

On December 8, 2020, the case was administratively closed because Plaintiff had neither paid the applicable filing fee nor submitted a properly completed application for leave to proceed *in forma pauperis*. ECF No. 2. Although it was not cited as a defect at the time, Plaintiff also failed to sign his complaint, as required by Rule 11 of the Federal Rules of Civil Procedure.

On December 12, 2020, Plaintiff submitted a motion for leave to proceed *in forma pauperis*, which currently remains pending before the Court. ECF No. 4. No further substantive activity occurred in this case until March 1, 2021, when Plaintiff refiled a "Motion for Immediate Injunctive Relief," once again seeking referral to a gastroenterologist. ECF No. 7. This motion also remains pending before the Court.

At the time that Plaintiff refiled the instant Motion for Immediate Injunctive Relief, he was being confined at the Northeast Ohio Correctional Center in Youngstown, Ohio ("NEOCC"). ECF No. 7. Based on his continuing medical problems, Plaintiff again requested that the Court enter an order requiring the "federal liaison" and/or U.S. Marshal Service "to transport/ set-up an appointment with a GI doctor." ECF No. 7 at 2.

On March 11, 2021, United States Magistrate Judge Richard A. Lanzillo issued a Report and Recommendation ("R&R"), ECF No. 8, recommending that Plaintiff's motion be denied as moot, and without prejudice because, at that point, Plaintiff was no longer confined at the NEOCC. Based upon his search of both the NEOCC and United States Bureau of Prisons' websites, Judge Lanzillo took judicial notice of the fact that Plaintiff was being housed at that

point at the United States Penitentiary in Lewisburg.  *Id*. at 1-2.  Citing authority, Judge Lanzillo observed, "It has been widely acknowledged that a transfer from one prison facility to another moots any claims for injunctive or declaratory relief pending against officials at the institution from which he was transferred moot."  *Id*. at 2 (citing cases).

On March 30, 2021, Plaintiff filed objections to the R&R.  ECF No. 11.  Therein, Plaintiff observed that he has already attempted unsuccessfully to obtain injunctive relief through the courts while incarcerated at the Erie County Prison and the NEOCC.  Plaintiff further stated that medical staff at USP-Lewisburg has advised that he will not be at that institution long enough to receive proper medical care because he is a "holdover," and the only thing they can do for him is provide him more stool softener.  ECF No. 11 at 1.  Plaintiff also claimed that he and other "holdovers" had been denied proper forms and that he has been advised by prison administrators to write his complaints/concerns on "plain paper" and "we will answer them."  ECF No. 11 at 2.  He insists that it will be "legally frivolous and pointless" for him to seek help at USP-Lewisburg and to do as he has been instructed.  *Id*.

Whatever the truth of Plaintiff's allegations, the Court cannot grant the relief he seeks in his motion for injunctive relief, as that motion is predicated upon actions that occurred at the NEOCC.  In fact, while the Court was in the process of reviewing and preparing to rule on Plaintiff's objections, he was transferred two more time – first to the Federal Transfer Center in Oklahoma, and second to the U.S. Penitentiary in Atlanta, where he is currently incarcerated.  Thus, the individuals now responsible for Plaintiff's care are located at an institution outside this Court's jurisdictional reach.

Although the Court is sympathetic to Plaintiff's plight, the proper course of action is for him to promptly file a new civil action and motion for injunctive relief in the jurisdiction where

3

he is presently incarcerated so that, in the event Plaintiff proves his entitlement to injunctive relief, the court having proper jurisdiction can fashion an order directed at the relevant individuals who are presently responsible for his medical care. In light of the circumstances discussed above, this Court cannot properly exercise jurisdiction over his equitable claims, nor can it fashion meaningful injunctive relief. *See Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) (noting that "[a]n inmate's transfer from the facility complained of generally moots the equitable and declaratory claims" for relief). The undersigned also notes that, as the sentencing judge in Plaintiff's underlying federal criminal case, *United States v. Lemmon,* No. 1:19-cr-25, this Court specifically recommended that Plaintiff be housed in Atlanta pursuant to his own personal request; accordingly, the Court is optimistic that Plaintiff will continue to serve out his federal sentence at his present location and, thus, his medical needs can now be comprehensively addressed.

In light of the above, after *de novo* review of the complaint and documents in the case, together with the report and recommendation and Plaintiff's objections thereto, the following order is entered:

NOW, this 26th day of April, 2021;

IT IS ORDERED that Plaintiff's motion for leave to proceed *in forma pauperis,* ECF No. [4], shall be, and hereby is, GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Immediate Injunctive Relief, ECF No. [7], shall be, and hereby is, DENIED as moot and without prejudice to be reasserted in the jurisdiction where Plaintiff is currently incarcerated, as may be warranted based upon the conditions of his present medical care.

IT IS FURTHER ORDERED that the report and recommendation of U.S. Magistrate Judge Lanzillo, issued on March 11, 2021, ECF No. [8], shall be, and hereby is, adopted as the opinion of the Court, and Plaintiff's objections to thereto, ECF No. [11], are OVERRULED.

Finally, IT IS ORDERED that the complaint in this case, ECF No. [1], shall be DISMISSED without prejudice, inasmuch as it is unsigned and, therefore, fails to comply with the requirements of Federal Rule of Civil Procedure 11.  To the extent Plaintiff has asserted claims for equitable relief against the Jane Doe Defendants who are allegedly located in Erie, said claims are now moot and are therefore DISMISSED for lack of jurisdiction.  To the extent Plaintiff wishes to pursue any non-equitable claims against individuals who are subject to this Court's jurisdiction, he must file a properly signed amended pleading on or before May 14, 2021. In the event Plaintiff files to file an amended pleading on or before said date, any remaining non-equitable claims will be deemed abandoned and will be dismissed with prejudice, without further notice from this Court.

Susan Paradise Baxter
United States District Judge